# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-111** |
| **TOYOTA OF NEW ORLEANS ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] for summary judgment filed by defendant Toyota Motor Credit Corporation ("TMCC") against pro se plaintiff Landry Dixon. Dixon alleges violations by TMCC of the Truth in Lending Act ("TILA") and the Americans with Disabilities Act ("ADA") arising out of his purchase of a Toyota Corolla.[2] TMCC argues that it was not involved in financing Dixon's purchase and has no contractual relationship with any party in the case.[3] As such, TMCC contends that Dixon has not, and cannot, offered any evidence to show that TMCC is liable for any alleged violations of the TILA and the ADA arising out of the purchase.[4]

On July 17, 2017, the Court ordered Dixon both to respond to TMCC's argument that TMCC was not involved in Dixon's purchase, and to submit any evidence in his possession that supports his claims against TMCC.[5] The Court warned Dixon that his failure to respond to TMCC's motion may result in the

---

[1] R. Doc. No. 22.
[2] *See* R. Doc. No. 1
[3] R. Doc. No. 22-1, at 4-5.
[4] *See id.* at 5.
[5] R. Doc. No. 24.

granting of summary judgment in favor of TMCC, or in the dismissal of all claims against TMCC for failure to prosecute, or both. Dixon did not respond to the Court's order.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its initial burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue of material fact is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

TMCC has met its initial summary judgment burden by pointing out that the record is devoid of any evidence supporting Dixon's claims that TMCC can be held liable for alleged violations of the TILA and the ADA arising out of Dixon's purchase of the Toyota Corolla. *Celotex*, 477 U.S. at 323; *Fontenot*, 780 F.2d at 1195. Dixon, on the other hand, has not met his corresponding burden. Dixon has failed to respond to TMCC's motion in any respect. Moreover, Dixon has failed to submit any evidence in his possession supporting his case against TMCC, despite the Court's order to do so.[6]

Given Dixon's failure to respond to TMCC's motion, Dixon has not met his burden of identifying specific facts that establish a genuine issue of material fact for trial. *Matsushita Elec.*, 475 U.S. at 587; *Anderson*, 477 U.S. at 248. As no reasonable jury could return a verdict in favor of Dixon on his claims against TMCC, the Court concludes that summary judgment in TMCC's favor is warranted. *See Anderson*, 477 U.S. at 248.

Accordingly,

---

[6] *Id.*

**IT IS ORDERED** that TMCC's motion for summary judgment is **GRANTED**, and all claims against TMCC in the above-captioned matter are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, August 10, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**